PROB 12C
(7/93)

# United States District Court

## for

## District of New Jersey

## Petition for Summons for Offender Under Supervision

Name of Offender: Carl Simms              Cr.: 98-00532-01

Name of Sentencing Judicial Officer: The Honorable John C. Lifland, U.S.D.J.

Date of Original Sentence: 07/22/99

Original Offense: Conspiracy to Import More Than 5 Kilograms of Cocaine, 21 U.S.C. § 963(b)(1)

Original Sentence: 37 months BOP, 5 years supervised release, $100 special assessment

Type of Supervision: Supervised Release          Date Supervision Commenced: 02/06/01

Assistant U.S. Attorney: To be assigned          Defense Attorney: To be assigned

### PETITIONING THE COURT

[ ] To issue a warrant
[X] To issue a summons

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
| --- | --- |
| 1 | The offender has violated the supervision condition which states **'You shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician.'**<br><br>Simms submitted to drug tests the results of which were positive for marijuana on the following dates: November 18, 2004; December 13, 2004; June 9, 2005; July 22, 2005; and August 2, 2005. |
| 2 | The offender has violated the supervision condition which states **'The defendant shall refrain from the illegal possession and/or use of drugs and shall submit to urinalysis or other forms of testing to ensure compliance. It is further ordered that the defendant shall submit to drug treatment, on an outpatient or inpatient basis, as directed by the U.S. Probation Office. The defendant shall abide by the rules of any program and shall remain in treatment until satisfactorily discharged with the approval of the U.S. Probation Office.'** |

On March 31, 2005, the Court approved the addition of a special condition to Simms' term of supervised release to include substance abuse testing and/or treatment at the discretion of the U.S. Probation Office. On or about May 20, 2005, Simms was enrolled into an intensive outpatient treatment program at SODAT, Woodbury, New Jersey. Simms failed to attend his scheduled counseling sessions on June 30, 2005, July 26, 2005, and August 9, 2005. On August 16, 2005, Simms was discharged from treatment unsuccessfully due to his non-compliance with program requirements.

3   The offender has violated the supervision condition which states '**The defendant is to be confined to his residence for a period of 3 months commencing at the direction of the U.S. Probation Office. The defendant shall be required to be at this residence at all times except for approved absences for gainful employment, community service, religious services, medical care, educational or training programs and at other such times as may be specifically authorized by the U.S. Probation Office. The defendant shall wear an electronic monitoring device and follow electronic monitoring procedures. The defendant shall permit the probation officer access to the residence at all times and maintain a telephone at the residence without any custom services or portable, cordless equipment. The defendant shall comply with any other specific conditions of home confinement as the probation officer requires. The defendant shall pay the costs of electronic monitoring, specifically $3.26 per day.'**

On March 31, 2005, the Court approved the addition of a special condition of Simms' term of supervised release to include the imposition of three months home confinement with electronic monitoring (self pay). Simms' home confinement was initiated on April 21, 2005 and scheduled to expire on July 20, 2005. On July 12, 2005, while being supervised on home confinement, Simms was terminated from his employment. Simms had worked a varied schedule, including weekends. Therefore, from July 12, 2005 through July 19, 2005, Simms continued to submit requests for leave from his residence for work related purposes, and was granted such leave by his home confinement officer under false pretenses. During this period of time when Simms was allegedly working, his whereabouts were unknown. Additionally, as of the date of this writing, Simms still owes $163 towards his electronic monitoring fee.

4   The offender has violated the supervision condition which states '**You shall notify the probation officer within 72 hours of any change of residence or employment.'**

On July 22, 2005, Simms' home confinement officer contacted his employer who revealed that Simms was terminated on July 12, 2005 due to issues regarding his work performance. Simms never informed the undersigned or his home confinement officer that he had been terminated until July 22, 2005, when he was confronted by the undersigned and admitted same during the course of a scheduled office visit.

I declare under penalty of perjury that the foregoing is true and correct.

By: Justine P. Meddick
U.S. Probation Officer
Date: 08/17/05

PROB 12C - Page 3
Carl Simms

THE COURT ORDERS:

[ ] The Issuance of a Warrant
[X] The Issuance of a Summons. Date of Hearing: 8/30/05, 3 Pm
[ ] No Action
[ ] Other

_____
Signature of Judicial Officer

8/24/05
_____
Date